## Warren v. Commonwealth.

(Decided March 18, 1911.)

### Appeal from Franklin Circuit Court.

1.  Murder—Question of Sanity of Defendant—Evidence.—Upon an appeal from a judgment upon a verdict for murder, the weight of the evidence is to the effect that the defendant was sane, and besides the jury had the opportunity of seeing him, hearing him testify and watching his demeanor during the trial.

2.  Same—Instructions.—None of the instructions are objected to, but it is urged that as the defense did not rely on self-defense it

was error to instruct on that point. Held that perhaps it was, but it was a harmless error, so far as it affected any substantial right of the accused.

LESLIE MORRIS and GUY H. BRIGGS for appellant.

JAS. BREATHITT, Attorney General, TOM B. McGREGOR, Assistant Attorney General, and CHAS. H. MORRIS for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

This appeal is prosecuted from a verdict and judgment of guilty, fixing the maximum punishment, under an indictment for murder.

Appellant was confined in the State penitentiary at Frankfort. He and some fellow prisoners engaged in a game of craps. He and Belville Radcliffe, one of the prisoners, had a dispute over a few cents involved in the game. That was on Sunday. On Monday morning while the prisoners were being marched in to breakfast appellant claims that Radcliffe looked hard at him, but nothing was said. After breakfast, as the prisoners were being taken out of the dining room appellant left the ranks, went over to the table where Radcliffe was standing, approaching him from behind and cut his throat. Radcliffe had said nothing, and had done nothing that morning to provoke the assault The act, if that of a sane mind, appears as a premeditated, ferocious killing. On the trial of appellant his defense was insanity. His own testimony, as read from the record, does not disclose any lack of understanding or memory. It is as rational and consistent a statement as an ignorant person, as he evidently is, could be expected to make. Notwithstanding, at least two responsible medical witnesses testified that he was not of sound mind, while the third expressed grave doubts on the subject, but rather inclined to the opinion that he was mentally deficient, that he was a degenerate. Three other physicians testified that he was of sound mind. Several of the guards of the penitentiary who had known appellant for several years, who had had daily opportunities for gauging his mental capacity, and under some of whom he had worked in the shops during the time, testified that in their opinion he was of sound mind. The prison chaplain testified unequivocally to the same effect. The question of appellant's sanity was submitted to the jury under exceptional

instructions. We are asked on his behalf to say that the evidence fails to support the verdict as to his sanity. The weight of the evidence seems to be that he was sane. Besides, the jury had opportunity by seeing him, hearing him testify, and watching his demeanor during the trial, to draw a better conclusion on that fact than this court has. The trial judge who heard the case, in overruling the motion for a new trial, by that action gave the sanction of his approval to the jury's finding. The utmost that could be said on the face of the record before us is, that a doubt might be raised as to his sanity, but the doubt disappears, so far as affecting the question on appeal, in the face of the contrary evidence, the jury's finding and the circuit judge's approval of it.

The court instructed on the subjects of murder, voluntary manslaughter, self-defense. reasonable doubt, presumption of innocence and insanity. None of the instructions are objected to, except that it is urged that as the defendant did not rely on self-defense, and as there was not evidence tending to support it, it was error to instruct on that point. Perhaps it was. But it was a harmless error, so far as it affected any substantial right of the accused.

We perceive no reason for interfering with the verdict and judgment.

The judgment is, therefore, affirmed.